IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PEW | : | CIVIL ACTION |
| | : | |
| v. | : | No. 24-5981 |
| | : | |
| ANTHONY LETIZIO, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                 **March 26, 2026**

Plaintiff Alfonso Pew filed this 42 U.S.C. § 1983 action asserting a deliberate indifference claim under the Eighth Amendment. Defendant Wellpath, LLC moves to dismiss all claims against it after confirmation of its Chapter 11 plan. Pew responds that he timely opted out of the plan's third-party release and asks the Court to substitute the Liquidating Trust and several insurers for Wellpath. Because the claims against Wellpath were discharged when the plan became effective, the motion to dismiss will be granted and the motion to substitute will be denied without prejudice.

**BACKGROUND**

Plaintiff filed this action in the Court of Common Pleas of Montgomery County. Compl., Dkt. No. 2 at 2-13. He asserts an Eighth Amendment deliberate indifference claim under Section 1983 arising from alleged failures in 2022 to provide appropriate medical care at State Correctional Institution (Phoenix). *Id.* ¶ 20. Defendants removed the action on November 8, 2024, invoking federal question jurisdiction. Notice of Removal 1, Dkt. No. 1.

On November 11, 2024, Wellpath and affiliated entities filed Chapter 11 petitions in the Southern District of Texas. Bankr. Pet., Dkt. No. 5-1. The bankruptcy court confirmed Wellpath's plan on May 1, 2025. Confirmation Order, Dkt. No. 14-1. The plan became effective on May 9, 2025, and the bankruptcy court later entered a stay order explaining the effect of confirmation on pending personal injury cases. Stay Order, Dkt. No. 14-2.

**DISCUSSION**

A court deciding a motion to dismiss may consider "matters of public record," including bankruptcy filings and confirmation orders. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Under 11 U.S.C. § 1141, "the provisions of a confirmed plan bind the debtor . . . and any creditor" and "discharges the debtor from any debt that arose before the date of such confirmation." (a), (d)(1)(A); *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 214-15 (2024). A confirmed bankruptcy plan cannot be attacked collaterally in a later case. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152-54 (2009).

That rule controls here. Under the confirmed plan, all claims against the debtor entities, including Wellpath, were discharged when the plan became effective. Confirmation Order at 128-29. The plan also permanently enjoins actions to recover on those claims against the debtors. *Id*. at 134. Plaintiff's claims are based on alleged conduct from 2022, well before the bankruptcy petition date, so they fall within that discharge.

Pew asserts he timely opted out of the plan's third-party release. Pl.'s Opp'n 1, Dkt. No. 15. Pew's opt-out argument does not change the result. Even if he timely opted out, an opt-out from the plan's third-party release preserves, at most, claims against covered non-debtors. Stay Order at 3. It does not undo the statutory discharge of preconfirmation claims against Wellpath, a debtor. Because Pew's claim arises from alleged conduct in 2022, it is a preconfirmation claim subject to the confirmed plan and discharge injunction. Pew therefore may not continue this action against Wellpath.

The Court will also not substitute the Liquidating Trust or the insurers on the present record. The stay order allows the Liquidating Trust to appear as a nominal party only when that is necessary to recover against available insurance or an unreleased non-debtor defendant, or to

establish or liquidate the amount of a claim for plan distribution. Stay Order at 2. Pew has not shown that such joinder is necessary here, identified the proper party to substitute, or established a basis to join the insurers directly.

Finally, the Court does not decide the effect of Pew's alleged opt-out on any claims against Defendant Dr. Anthony Letizio or any other non-debtor. That issue is not presented by Wellpath's motion, which only seeks dismissal of Wellpath.

For these reasons, the Court will grant Wellpath's motion and dismiss Wellpath from this action with prejudice because Pew's claim against it was discharged in bankruptcy and is barred by the confirmation order and discharge injunction. The Court will deny without prejudice Pew's request to substitute the Liquidating Trust or insurers because, on the present record, he has not shown a valid procedural basis or factual necessity for that relief. The case may proceed, subject to any later motion practice, only as to Dr. Letizio.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.